UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| FRANKLIN L. KELLOGG | ) | |
| | ) | |
| v. | ) | 1:09-cv-180 |
| | ) | *Judge Edgar* |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM**

Petitioner Franklin L. Kellogg ("Kellogg") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Court File No. 3]. Because Kellogg has paid the $ 5.00 filing fee, his motion to proceed *in forma pauperis* is **DENIED as MOOT** [Court File No. 1].

All of Kellogg's allegations seeking § 2241 habeas relief are directed toward his federal criminal convictions from this Court for being a felon in possession of a firearm and ammunition; possession with intent to distribute cocaine hydrochloride; and possession of a firearm in furtherance of a drug trafficking crime. *See* Criminal Court Number 1:05-cr-148 (E.D. Tenn. 2007). Specifically, Kellogg has raised several grounds challenging several aspects of his trial in that criminal case. Those convictions, however, were reversed by the Court of Appeals for the Sixth Circuit earlier this year. *United States v. Kellogg*, 306 Fed.Appx. 916 (6th Cir. Jan. 9, 2009), *available in* 2009 WL 68044. Although Kellogg was tried and convicted in this Court in 2007, those convictions were reversed and the indictment was dismissed without prejudice after the Court of Appeals for the Sixth Circuit reversed Kellogg's convictions and remanded his case to this Court with instructions to provide him a new trial. *See* Criminal Court Number 1:05-cr-148 (E.D. Tenn. 2007) [Crim. Court File No. 100]. Kellogg, therefore, does not have a conviction or sentence from

1

this Court, nor is he in custody within the jurisdictional boundaries of this Court as he is presently incarcerated at Hazelton U.S. Penitentiary, in Bruceton Mills, West Virginia. Consequently, it is unclear as to what Kellogg is seeking in this § 2241 proceeding. Although Kellogg's § 2241 petition fails to explain what relief Kellogg is seeking, to the extent he is requesting that the indictment which the Court previously dismissed without prejudice, be dismissed with prejudice, he is not entitled to relief under § 2241.[1]

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement, *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); neither of which Kellogg is challenging. Additionally, this Court lacks a jurisdictional basis for reviewing this § 2241 petition because habeas corpus power of federal courts over prisoners in federal custody is limited, pursuant to 28 U.S.C. § 2241, to those district courts within whose territorial jurisdiction the custodian is located. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973); *Howard v. United States Bureau of Prisons*, 487 F.3d 808, 811 (10th Cir. 2007) (explaining that § 2241 petitions are to be filed in district court where petitioner is incarcerated).

Moreover, even if jurisdiction is properly exercised in this Court, Petitioner lacks grounds to file this § 2241 petition because he is not seeking relief from execution of a sentence. *See United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991) (A petition for habeas corpus relief under 28 U.S.C. § 2241 is the proper method for attacking the execution of a sentence). Accordingly,

---

[1] Taking judicial notice of the Court's own records, subsequent to the Sixth Circuit's reversal and remand of Kellogg's criminal case and pursuant to a motion of the United States, the Court **DISMISSED** without prejudice, the indictment in Kellogg's criminal case number 1:05-cr-148 [Crim. Court File No. 100]. The Court subsequently denied Kellogg's motion seeking dismissal of the indictment with prejudice and judgment of acquittal, and his motion to reconsider that denial [Crim. Court File No. 103, 106].

2

Kellogg's § 2241 petition will be **DISMISSED** [Court File No. 3].

An appropriate judgment order will enter.

_/s/ R. Allan Edgar_
R. ALLAN EDGAR
UNITED STATES DISTRICT JUDGE